Case 3:21-cv-00095-FM   Document 1-3   Filed 04/23/21   Page 1 of 10

El Paso County - County Court at Law 6                    Filed 2/8/2021 11:10 AM
                                                          Norma Favela Barceleau
                                                          District Clerk
                                                          El Paso County
                                                          2021DCV0443

| | |
|---|---|
| ISMAEL BOTELLO, § § Plaintiff, § § vs. § § SAM'S EAST, INC., SAM'S WEST, INC., § and WAL-MART ASSOCIATES, INC. § § § Defendants. § | Cause No. 2020-DCV |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ISMAEL BOTELLO (hereinafter called "Plaintiff"), complaining of SAM'S EAST, INC., SAM'S WEST, INC., and WAL-MART ASSOCIATES, INC., (hereinafter called "Defendants"), and for a cause of action would show the Court and/or Jury the following:

### I.

Discovery will be conducted in Level III.

### II.

ISMAEL BOTELLO is a male citizen of the United States of America, residing in El Paso County, Texas and at all times relevant to this litigation was employed by Defendants.

Defendant SAM'S EAST, INC. is believed to be a Arkansas Corporation doing business in El Paso, County, Texas. Defendants can be served with process by serving it registered agent CT Corporation System or any other authorized officer or agent at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or where ever they may be found.

Pursuant to Texas Rule of Civil Procedure 28, Plaintiff hereby sues SAM'S EAST, INC. in its assumed or common name for the purpose of enforcing Plaintiff's substantive rights against it.

Defendant SAM'S WEST, INC. is believed to be a Arkansas Corporation doing business in El Paso, County, Texas. Defendants can be served with process by serving it registered agent CT Corporation System or any other authorized officer or agent at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or where ever they may be found.

Pursuant to Texas Rule of Civil Procedure 28, Plaintiff hereby sues Defendants SAM'S WEST, INC. in its assumed or common name for the purpose of enforcing Plaintiff's substantive rights against it.

Defendant WAL-MART ASSOCIATES, INC., is a Delaware corporation doing business in El Paso, County, Texas. Defendants WAL-MART ASSOCIATES, INC. can be served with process by serving it registered agent CT Corporation System or any other authorized officer or agent at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or where ever they may be found.

Pursuant to Texas Rule of Civil Procedure 28, Plaintiff hereby sues Defendants WAL-MART ASSOCIATES, INC. in its assumed or common name for the purpose of enforcing Plaintiff's substantive rights against it.

### III.

On or about December 29, 2019 while in the course and scope of his employment as a member assistant with Defendants, Plaintiff was assisting another employee whom was utilizing a forklift stocking and dropping empty pallets. Plaintiff was waiting for the other employee to drop the pallets so the he can assist in stacking the pallets while Plaintiff was waiting another employee who was operating another forklift came and ran over Plaintiff's foot causing injury to Plaintiff's foot, and other parts of his body. As a result of the injury, Defendants terminated Plaintiff's employment with Defendants on February 15, 2020.

## IV.

Under Texas law, Defendants had a non delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103.) Defendants failed to ensure a safe work place for Plaintiff. Defendants, failed to become a subscriber under the Worker's Compensation Act of this State.

## V.

At the time of his discharge Plaintiff was an employee of Defendants. Plaintiff was earning approximately $448.80 per week plus employment benefits.

After his discharge from the employ of Defendants Plaintiff was under the care of his Doctor and has not been released, so he has not started finding another comparable job.

## VI.

Plaintiff would show that the damages and injuries were caused by the negligence of Defendants, their employees, agents and representatives. Plaintiff would show that Defendants owed a duty to Plaintiff that Defendants breached such duty, and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendants was negligent by breaching its duty to Plaintiff in one or more of the following alternative theories of negligence:

1. Failure to furnish Plaintiff with a safe place to work;
2. Failure to provide adequate means of communication to enable its employees to inquire or obtain guidance from their employer on how to safely perform their job;
3. Failure to supervise the work;
4. Failure to furnish Plaintiff with adequate, necessary and suitable tools, appliances and safety equipment;
5. Failure to properly educate, instruct and supervise Plaintiff in the performance of his duties;
6. Failure to supply adequate and reasonably competent fellow employees;
7. Failing to inspect the workplace;
8. Failure to establish and enforce safety rules and regulations.
9. Failure to warn Plaintiff of the dangers.

10. Negligence per se in violating OSHA Standards Section 1926.20, General Safety and Health Provisions, by permitting laborers to work in surroundings or under working conditions which are hazardous or dangerous to his health or safety.
11. Negligence per se in violating OSHA Standards Section 1926.20 1(b) by failing to do one or more of the following (A) initiating and maintaining such programs as may be necessary to comply with OSHA safety law,( B) failing to have a competent person (as defined by OSHA) perform frequent and regular inspections of the job sites, materials, and equipment.  C) Failing to have a competent safety person on the job site.
12. Failing to adequately train, educate, or provide instructions and orders to persons.

13. Negligence of co-employee
14. Failing to provide proper safety manuals and instructions to employees responsible for safety.
15 Other negligence.

One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are described below.

## VII.

Plaintiff denies that a valid Arbitration Agreement exists. Plaintiff would show that Defendants' alleged Arbitration Agreement and Injury Plan are void and invalid for one or more of the following alternative reasons:

1. The Arbitration and Plan is void in violation of Texas Administrative Code, Article 16 §5; 182.
2. It is void in violation of Texas Labor Code § 406.033(e) and 406.035.
3. Defendants engaged in fraud, fraud in the inducement and misrepresentation concerning the "Arbitration" and "Plan" documents.
4. There was NO consideration. This is totally <u>unfunded</u>.  There is no segregated funds, no obligation to pay, no guarantee of payment, no insurance, **no nothing**.  This contract is like trying to force arbitration by a seller who claims he is selling the Brooklyn Bridge when he doesn't own it.  Arbitration in this non-subscriber case is purely a fraudulent scheme to force loyal injured employees to get less than they are entitled to under workers' compensation and less than their common law rights provides.  The plan benefits cease upon termination of employment. If they get injured, Defendants can fire them and they receive no benefits. The plan provides no coverage if suit is filed. So Plaintiff's rights to recover ended the day this suit was filed.
5. The documents are unconscionable. They are procedurally and substantive unconscionable.
6. The documents were executed based on fraud in the inducement and under duress.

4

7. The documents are illegal, oppressive and violate Texas Arbitration Act § 171.002(a)(3).
8. Right to Jury Trial on Fact Issues. Fraud, misrepresentation, no consideration and other contract defenses are fact issues, Under The Texas Constitution, Plaintiff is entitled to a jury trial in these issue. Plaintiff requested a jury trial. The court cannot ignore this request.
9. Not a knowing voluntary agreement. Plaintiff had no understanding of this document.
10. Against public policy.

## VIII. DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. Plaintiff has incurred expenses for medical care and attention and other expenses in the past. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the injury, Plaintiff was prevented from working and has suffered lost wages and lost earning capacity in the past. Plaintiff will continue to suffer a loss of wage earning capacity in the future. Plaintiff was prevented from performing his household duties in the past and will continue to be unable to perform his household duties in the future. Plaintiff has suffered physical pain and suffering in the past and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered impairment in the past and will continue to suffer impairment in the future. Plaintiff has suffered disfigurement in the past and will continue to suffer disfigurement in the future.

Plaintiff has suffered damages within the jurisdictional limits of this Court. Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery

has not yet begun and the extent of Plaintiff's future damages are still being determined. At this early stage of the proceedings, Plaintiff requests the jury be fair and reasonable in its determination of actual damages in an amount monetary relief Plaintiff is seeking monetary relief of over $200,000.00 but no more than $1,000,000.00.

## IX. JURY DEMAND

Plaintiff hereby requests trial by jury on the issues of this case.

## X. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Tex. R. Civ. P. 194 the information or material described in Rule 194.

## XI. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the Defendants be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendants for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com


*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

Case 3:21-cv-00095-FM   Document 1-3   Filed 04/23/21   Page 7 of 10
El Paso County - County Court at Law 6
Filed 3/16/2021 2:17 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV0443

IN THE COUNTY COURT AT LAW NUMBER SIX
EL PASO COUNTY TEXAS

| | | |
|---|---|---|
| ISMAEL BOTELLO, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Cause No. 2021-DCV0443 |
| SAM'S EAST, INC., SAM'S WEST, INC., and WAL-MART ASSOCIATES, INC. | § § § § § | |
| Defendants. | § | |

## JURY REQUEST

On this the 16th day of March, A.D. 2021, the Plaintiff having demanded a jury, it is hereby ordered that the above styled and numbered cause be placed upon the jury docket on payment of the jury fee herein.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com

*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

1

# IN THE COUNTY COURT AT LAW NO. 6
# EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| **ISMAEL BOTELLO** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Cause No. 2021-DCV-0443** |
| v. | § | |
| | § | |
| **SAM'S EAST, INC., SAM'S WEST, INC.,** | § | |
| and **WAL-MART ASSOCIATES, INC.** | § | |
| | § | |
| **Defendants.** | | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Sam's East, Inc., Sam's West, Inc., and Wal-Mart Associates, Inc.[1] answer Plaintiff's Original Petition as follows:

### GENERAL DENIAL

1. Defendants deny all allegations in Plaintiff's Original Petition.

2. Defendants reserve the right to supplement or amend this Answer as appropriate.

### AFFIRMATIVE DEFENSES

3. Plaintiff's claims are subject to a valid and binding arbitration agreement.

4. Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

5. The Court lacks jurisdiction over some or all of Plaintiff's claims.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Plaintiff has failed to state a claim for negligence against Defendants.

8. Plaintiff's injuries are the result of his own intentional acts.

9. Plaintiff's injuries resulted from new and independent causes which destroy any

---

[1] The only correct entity is Sam's East, Inc. Sam's West, Inc. did not operate the club at which Plaintiff worked. Wal-Mart Associates, Inc. manages the payment of wages to and employment tax reporting for all United States associates, but does not employ those associates.

1

alleged causal connection between Plaintiff's injuries and any alleged negligence of Defendants.

10. Plaintiff's alleged injuries existed prior to any act or omission alleged in Plaintiff's Original Petition or they began subsequent to any act or omission alleged in Plaintiff's Original.

11. Plaintiff's injuries were solely caused by the acts or omissions of another, for whom Defendants are not liable.

12. Plaintiff has failed to mitigate his damages.

13. Any claim of Plaintiff for front pay or back pay must be offset by any interim earnings of Plaintiff.

14. Any claim for damages must be offset by amounts paid to or on behalf of Plaintiff by Defendants.

15. Plaintiff's damages are limited by Chapter 41 of the Texas Civil Practice and Remedies Code.

Accordingly, Defendants request that Plaintiff take nothing by this action and that Defendants receive all relief to which they are entitled.

        Respectfully submitted,

        KEMP SMITH LLP
        P.O. Box 2800
        El Paso, Texas 79999-2800
        915.533.4424
        915.546.5360 (FAX)

By: */s/ Clara B. Burns*
    CLARA B. BURNS
    State Bar No. 03443600
    clara.burns@kempsmith.com
    JOSE A. GONZALEZ
    State Bar No. 24067670
    abe.gonzalez@kempsmith.com

    Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document was served on the attorney for Plaintiff, Oscar Mendez, Jr., Scherr & Legate, PLLC, 109 N. Oregon, 12th Floor, El Paso, Texas 79901 on the 19th day of April, 2021.

|   |   |   |
|---|---|---|
| ☐ | Regular Mail, Postage Prepaid | |
| ☐ | Hand Delivery | |
| ☐ | Certified Mail, Return Receipt Requested | |
| X | Electronic Transmission: | omendez@scherrlegate.com |
| ☐ | Facsimile Transmission: | (915) 532-1759 |

*/s/ Jose A. Gonzalez*
JOSE A. GONZALEZ

3